1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

ROBERT GEORGE JEFF, III,              )    1:10-cv-01510-JLT HC
11                                    )
                Petitioner,           )    ORDER GRANTING PETITIONER'S
12                                    )    MOTION FOR STAY OF PROCEEDINGS
                                      )    ON PETITION FOR WRIT OF HABEAS
13      v.                            )    CORPUS  (Doc. 2)
                                      )
14                                    )    ORDER DIRECTING CLERK OF COURT
MATTHEW CATE, et al.,                 )    TO ADMINISTRATIVELY CLOSE CASE
15                                    )
                Respondents.          )    ORDER DIRECTING PETITIONER TO FILE
16 _____    )    REGULAR STATUS REPORTS

17                                         ORDER DIRECTING PETITIONER TO
                                           NOTIFY COURT WITHIN THIRTY DAYS
18                                         OF ANY FINAL ORDER REGARDING
                                           EXHAUSTION OF GROUND 8
19

20          Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of

21  habeas corpus pursuant to 28 U.S.C. § 2254.

22          Petitioner originally filed his federal petition on August 18, 2010.  (Doc. 2).  In that instant

23  petition, Petitioner challenges his 2007 conviction and the resulting 18-years-to-life sentence in the

24  Kings County Superior Court for gross vehicular manslaughter while intoxicated, driving under the

25  influence of alcohol and causing bodily injury to another, failure to stop at the scene of an injury

26  accident, and driving with a license suspended or revoked for driving under the influence of a drug

27  or alcohol.   The petition raises the following grounds for relief: (1) error in denial of Petitioner's

28

1   pre-trial <u>Trombetta</u> motion;[1] (2) error in denial of Petitioner's motion for new trial on <u>Trombetta</u>

2   grounds; (3) denial of Petitioner's motion for new trial; (4) failure to afford Petitioner a timely

3   arraignment; (5) failure to afford Petitioner a timely preliminary hearing; and (6) ineffective

4   assistance of trial counsel in failing to conduct a proper investigation.  (Doc. 2).

5        Although Petitioner does not provide a copy of the Petition for Review filed in the California

6   Supreme Court, and although Petitioner does not expressly delineate which claims are exhausted and

7   which are not, it appears to the Court that Grounds One, Two, and Three may have been exhausted,

8   but that Grounds Four, Five, and Six may not have been.  In the petition, Petitioner appears to

9   request a stay of the case while he exhausts the latter three grounds through habeas corpus

10  proceedings already commenced in the state courts.

11                                      **<u>DISCUSSION</u>**

12       Traditionally, a district court has had the discretion to stay a petition which it may validly

13  consider on the merits.  <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-988 (9th

14  Cir. 1998); <u>Greenawalt v. Stewar7</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002

15  (1997).  However, the Ninth Circuit has held that <u>Taylor</u> in no way granted "district courts carte

16  blanche to stay even fully exhausted habeas petitions."  <u>Taylor</u>, 134 F.3d at 988 n. 11.  Granting a

17  stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in

18  order to avoid piecemeal litigation.  <u>Id</u>.  In addition, the Ninth Circuit has indicated that it is proper

19  for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance

20  in order to permit the petitioner to return to state court to exhaust his state remedies.  <u>Kelly v. Small</u>,

21  315 F.3d 1063, 1070 (9th Cir. 2004); <u>Ford v. Hubbard</u>, 305 F.3d 875, 882-883 (9th Cir. 2002); <u>James</u>

22  <u>v. Pliler</u>, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); <u>Taylor</u>, 134 F.3d 981.

23       Notwithstanding the foregoing, until recently, federal case law continued to require that the

24  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  <u>Rose v. Lundy</u>,

25  455 U.S. 509 (1982).  That changed with the United States Supreme Court's decision in <u>Rhines v.</u>

26  <u>Weber</u>, 544 U.S. 269 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-

27

28              _____

                [1]<u>California v. Trombetta</u>, 467 U.S. 479 (1984).

year statute of limitations[2] and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court

with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their

unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey"

orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before

proceeding with their federal petitions.  <u>Rhines</u>, 544 U.S. at 276-277.  In so holding, the Supreme

Court noted that the procedure should be "available only in limited circumstances."  544 U.S. at 277.

Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure

to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no

indication that petitioner engaged in "abusive litigation tactics or intentional delay."  <u>Id</u>. at 277-278;

<u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these

requirements, his interest in obtaining federal review of his claims outweighs the competing interests

in finality and speedy resolution of federal petitions.  <u>Rhines</u>, 544 U.S. at 278.

　　　In a ruling subsequent to <u>Rhines</u>, the Ninth Circuit re-affirmed the vitality of *both* the <u>Rhines</u>

two-step stay procedure as well as the <u>Kelly</u> three-step stay procedure:

> <u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast, the three-step procedure outlined in <u>Kelly</u> allows the stay of fully exhausted petitions, requiring that the unexhausted claims be dismissed.

<u>King v. Ryan</u>, 564 F.3d 1133, 1139-1140 (9th Cir. 2009).

　　　There are, however, significant distinctions between the two procedures.  First, claims

exhausted during a <u>Rhines</u> stay are not subject to timeliness challenges since the mixed petition

remains pending throughout the stay procedure.  <u>Id</u>. at p. 1140.  In contrast, any claim exhausted

during a <u>Kelly</u> stay must "relate back" to the claims in the original petition under the doctrine set

forth in <u>Mayle v. Feliz</u>, 545 U.S. 644 (2005), or else be timely filed under the AEDPA's one-year

statute of limitation.  <u>Id</u>.   Additionally, petitioners seeking to avail themselves of a <u>Rhines</u> stay must

make the additional showing of good cause, something not required under <u>Kelly</u>.  <u>Id</u>. at 1143.

　　　Here, it appears that Petitioner is seeking to invoke the <u>Rhines</u> procedure since he is not

requesting dismissal of the unexhausted claims, but rather seeks a stay of this mixed petition until

---

[2]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

such time as the unexhausted claims have been exhausted.   That appears to be precisely the scenario

that the <u>Rhines</u> procedure was designed to cover:

> "<u>Rhines</u> applies to stays of *mixed* petitions, whereas the [<u>Kelly</u>] three-step procedure applies
> to stays of *fully exhausted* petitions...."

<u>King</u>, 564 F. 3d at 1140, *quoting* <u>Jackson v. Roe</u>,  425 F. 3d 654, 661 (9th Cir.  2005). (Emphasis in

original).

Under <u>Rhines</u>, the Court must first determine whether good cause exists for Petitioner's

failure to exhaust and whether there is any indication that Petitioner engaged in "abusive litigation

tactics or intentional delay."  <u>Rhines</u>, 544 U.S. at 277-278.  Petitioner has appended various

declarations to his petition which indicate that his retained counsel has diligently proceeded with an

investigation of claims that were not raised in the direct appeal.  Although retained counsel has

experienced various unexpected medical delays in the course of his investigation, nothing in the

record suggests in any way that either Petitioner or his retained counsel have been anything other

than diligent.  Moreover, the fact that two of the three unexhausted claims require detailed legal

knowledge that is normally beyond the ken of a pro se petition, and the fact that the ineffective

assistance of counsel claim relies in part upon facts that have only recently come to light through

further investigation by retained counsel, provide a further basis for the Court's finding that there is

good cause for Petitioner's failure to exhaust these three claims at an earlier point in the criminal

justice process.  Nothing in the record suggests that Petitioner has engaged in "abusive litigation

tactics or intentional delay."   Therefore, neither of these criteria presents an obstacle to granting a

stay under <u>Rhines</u>.

Additionally, in order to grant a <u>Rhines</u> stay, the Court must also make a finding that the

claim or claims a petitioner is seeking to exhaust are not "plainly meritless."  <u>Rhines</u>,  544 U.S. at

277-278.  Here, Petitioner has included lengthy legal argument, as well as various declarations, to

support his allegations that the state court failed to provide timely arraignment and preliminary

hearing proceedings, and also that trial counsel was ineffective.  The Court expresses no opinion

regarding the likelihood that such claims would ultimately entitle Petitioner to relief in these

proceedings; suffice it to say that, based on Petitioner's allegations and supporting evidence, the

1   Court cannot, at this juncture, find that Grounds Four, Five, and Six are "plainly meritless."

2   Therefore, good cause having been presented and good cause appearing therefore, the Court will

3   grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas

4   corpus in abeyance pending exhaustion of Petitioner's state remedies.

5        However, the Court will not indefinitely hold the petition in abeyance.  See Taylor, 134 F.3d

6   at 988 n. 11.  No later than thirty (30) days after the date of service of this Order Petitioner must

7   inform the Court of the status of the habeas proceedings in state court, including the dates his cases

8   were filed, the case numbers, and any outcome.[3]  Further, Petitioner must proceed diligently to

9   pursue his state court remedies, and every sixty (60) days after the filing of the initial status report

10  Petitioner must file a *new* status report regarding the status of his state court habeas corpus

11  proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days

12  within which to notify the Court that he has fully exhausted Grounds Four, Five, and Six.  At that

13  point, the Court will issue a briefing schedule regarding the claims in the instant petition.  Failure to

14  comply with these instructions and time allowances will result in this Court vacating the stay *nunc*

15  *pro tunc* to the date of this order.  Rhines,  544 U.S. at 277-278.

16                                          **ORDER**

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.  Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 2), is

19        GRANTED;

20        2.  Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state

21        remedies;

22        3.  Petitioner is DIRECTED **to file a status report within thirty (30) days** of the date of

23        service of this order, advising the Court of the status of all pending habeas proceedings filed

24        in state court, the dates when such cases were filed, and any outcomes;

25        4.  Petitioner is DIRECTED to file a new status report *every sixty (60) days* after the filing of

26        the initial status report; and

27        5.  Petitioner is DIRECTED to notify the Court within thirty days of any final order of the

28

---

[3]The filing should be entitled "Status Report."

1    state courts regarding newly exhausted grounds;

2       6.  The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case.  The

3    Court will direct the Clerk of the Court to re-open the case when and if the stay is lifted.

4

5    IT IS SO ORDERED.

6    Dated:   **September 30, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28